IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.                                        Case Nos.:   4:13cr28/RH/GRJ
                                                        4:15cv470/RH/GRJ

TYRONE DAVIS BROWN,
    Reg. No. 21974-017

_____

## REPORT AND RECOMMENDATION

This matter is before the court upon Petitioner Tyrone Davis Brown's "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 59) and the Government's response.   (ECF No. 70.)   Brown has not filed a reply, despite having been afforded the opportunity to do so.   (ECF No. 67.)   The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).   After a review of the record and the arguments presented, the Court concludes that Brown has not raised any issue requiring an evidentiary hearing and that the § 2255 motion should be denied.   *See* Rules 8(a) and (b) Governing Section 2255 Cases.

## BACKGROUND

Tyrone Davis Brown was the lone defendant charged in a single count indictment with possession with intent to distribute an unspecified amount of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(C).   (ECF No. 1.)   The Government filed an Information and Notice of Prior Conviction in which it indicated its intent to seek enhanced penalties due to Brown's numerous prior felony drug convictions.   (ECF No. 12.)

Brown pleaded guilty pursuant to a written plea agreement, statement of facts, and supplement.   (ECF Nos. 14-16.)   According to the statement of facts, state law enforcement received a tip from a confidential informant that Brown was selling marijuana and crack cocaine from Brown's residence.   (ECF No. 14.)   They obtained and executed a search warrant in November of 2012, seizing 101.9 grams of marijuana and 17.3 grams of cocaine base. When federal agents returned in March of 2013 to serve a federal arrest warrant, they found that Brown had not stopped his illicit activities.   They seized approximately 118.6 grams of cocaine base from Brown's home and vehicle.   Brown's plea agreement did not specify the

quantity of drugs for which he would be held accountable.    The agreement

specifically provided, however, that Brown faced a maximum term of thirty

years imprisonment, and that the sentence was not subject to accurate

prediction due to the variety and complexity of issues that could arise at

sentencing.   (ECF No. 15 at 1,3.)

At the change of plea proceeding, Brown told the district judge that

everything in the statement of facts that he had signed was true.    (ECF

No. 38 at 7-8.)    Brown also admitted that he had seven prior convictions

involving controlled substances.    (ECF No. 38 at 8.)    Brown's attorney

told the court that he informed his client of the maximum sentence.

Counsel advised the Court that he had not yet reviewed the sentencing

guidelines with his client, but that he intended to do so after Brown pleaded

guilty.   (ECF No. 38 at 9-10.)    After hearing this, the district judge told

Brown that it always advised defendants, who appeared before him, that

sentencing estimates by defendants' counsel were not necessarily correct.

However, the district judge stated:

> I think it would be fair to say in this case the guideline range is
> probably going to be somewhere maybe just short of 20 years
> in prison, but it will be a long range, because with this criminal

history, you probably will be treated as a career offender.    Do
you understand?

(ECF No. 38 at 10.)    Brown responded that he did.    The district judge

later asked Brown to affirm that no one had made any promises to him

about his sentence in the case, and that no one had promised him that the

Government would file a substantial assistance motion. Brown affirmed that

no one had made such promises to him.    (ECF No. 38 at 13, 14.)

The Final Presentence Investigation Report ("PSR") assessed Brown

a base offense level of 28 based on the marijuana equivalency of the drugs

involved in the case.    (ECF No. 19, PSR ¶ 19.)    He received a two level

enhancement pursuant to § 2D1.1(b)(12), and his adjusted offense level

was 30.    (ECF No. 19, PSR ¶¶ 20, 24.)    This calculation was

superseded by the Chapter Four enhancement due to Brown's prior felony

drug convictions.    (ECF No. 19, PSR ¶ 25.)    After a three-level

adjustment for acceptance of responsibility, his total offense level was 31.

(ECF No. 19, PSR ¶¶ 25-28.)    Brown had twelve criminal history points,

but because of his career offender status, his criminal history category was

VI.    (ECF No. 19, PSR ¶ 20.)    The applicable advisory guidelines range

was 188 to 235 months' imprisonment, well below the 30-year statutory

maximum penalty.

The initial sentencing proceeding was continued after the defense

learned that the Government was seeking forfeiture of the residence from

which Brown was selling drugs.   (ECF No. 39.)   When the hearing

reconvened, the Court heard testimony from Special Agent Seth

Montgomery.   Montgomery testified about the illicit conduct that had taken

place at the residence, and the fact that Brown had conveyed his interest in

the residence to his daughter via quitclaim deed less than two months after

entering his guilty plea in this case.   (ECF No. 40 at 3-14.)   Special Agent

Montgomery testified that this conveyance was in direct contradiction to

Brown's obligations under the supplement to the plea agreement.   (ECF

No. 40 at 14.)   The Court found that the property was subject to forfeiture.

(ECF No. 40 at 16.)

The Court imposed a sentence of 188 months imprisonment, which

was the low end of the applicable guidelines range.   (ECF No. 40 at 17.)

The Court reminded Brown that if he continued to provide truthful

information to the Government, he still had the opportunity for a sentence

reduction, provided that the Government filed a motion certifying that he had provided substantial assistance in the investigation or prosecution of others.

Brown appealed, arguing that his plea was not knowing and voluntary because the district court did not specifically ask whether his plea was the result of force or threats.   (ECF No. 48.)   The Government conceded that the district judge had not directly asked Brown this question.   Nonetheless, the Eleventh Circuit found that this error did not affect Brown's substantial rights.   There was nothing in the record to suggest Brown would not have pleaded guilty. Brown admitted he was pleading guilty because he was guilty and he did not assert that his plea was entered under coercion. (ECF No. 48 at 5.)   The Eleventh Circuit affirmed Brown's conviction on June 24, 2014.

Brown timely filed the instant motion to vacate on September 21, 2015 pursuant to the prison mailbox rule.   He raises three grounds for relief, each of which is without merit.

## ANALYSIS

### *General Legal Standards*

Collateral review is not a substitute for direct appeal, and therefore the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.   A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack.   *See* 28 U.S.C. § 2255(a); *McKay v. United States*, 657 F.3d 1190, 1194 n.8 (11th Cir. 2011).   "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"   *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).   The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent . . . ."

The law is well established that a district court need not reconsider issues raised in a section 2255 motion which have been resolved on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014); *Rozier v. United States*, 701 F.3d 681, 684 (11th Cir. 2012); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000). Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255. *Nyhuis*, 211 F.3d at 1343 (quotation omitted). Broad discretion is afforded to a court's determination of whether a particular claim has been previously raised. *Sanders v. United States*, 373 U.S. 1, 16 (1963) ("identical grounds may often be proved by different factual allegations . . . or supported by different legal arguments . . . or couched in different language . . . or vary in immaterial respects").

Furthermore, and of particular relevance in this case, because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn*, 365 F.3d at 1234–35; *Bousley v. United States*, 523 U.S.

614, 621 (1998); *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir.

2011).   An issue is "'available' on direct appeal when its merits can be

reviewed without further factual development."   *Lynn*, 365 F.3d at 1232

n.14 (quoting *Mills*, 36 F.3d at 1055).   Absent a showing that the ground of

error was unavailable on direct appeal, a court may not consider the

ground in a section 2255 motion unless the defendant establishes (1)

cause for not raising the ground on direct appeal, and (2) actual prejudice

resulting from the alleged error, that is, alternatively, that he is "actually

innocent."   *Lynn*, 365 F.3d at 1234; *Bousley*, 523 U.S. at 622 (citations

omitted).   To show cause for procedural default, a defendant must show

that "some objective factor external to the defense prevented [him] or his

counsel from raising his claims on direct appeal and that this factor cannot

be fairly attributable to [defendant's] own conduct."   *Lynn*, 365 F.3d at

1235.   A meritorious claim of ineffective assistance of counsel can

constitute cause.   *See Nyhuis*, 211 F.3d at 1344.

Ineffective assistance of counsel claims are generally not cognizable

on direct appeal and are properly raised by a § 2255 motion regardless of

whether they could have been brought on direct appeal.   *Massaro v.*

*United States*, 538 U.S. 500, 503 (2003); *see also United States v.*

*Franklin*, 694 F.3d 1, 8 (11th Cir. 2012); *United States v. Campo*, 840 F.3d

1249, 1257 n.5 (11th Cir. 2016).   To prevail on a constitutional claim of

ineffective assistance of counsel, a defendant must demonstrate both that

counsel's performance was below an objective and reasonable

professional norm and that he was prejudiced by this inadequacy.

*Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Williams v. Taylor*, 529

U.S. 362, 390 (2000); *Darden v. United States*, 708 F.3d 1225, 1228 (11th

Cir. 2013).   *Strickland*'s two-part test also applies to guilty pleas.   *Lafler v.*

*Cooper*, 566 U.S. 156, 162-63 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52,

58 (1985)).   A defendant will be required to show that but for counsel's

errors, he would not have pleaded guilty and would have instead insisted

on proceeding to trial.   *Id.* at 163 (quoting *Hill*, 474 U.S. at 59).   A

defendant's "after the fact testimony concerning his desire to plead, without

more, is insufficient to establish" prejudice.   *Pericles v. United States*, 567

F. App'x 776, 782 (11th Cir. 2014) (quoting *Diaz v. United States*, 930 F.2d

832, 835 (11th Cir. 1991)); *Rosin v. United States*, 786 F.3d 873 (11th Cir.

2015).   A defendant must "convince the court that a decision to reject the

plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).   In applying *Strickland*, the court may dispose of an ineffective assistance claim if a defendant fails to carry his burden on either of the two prongs.   *Strickland*, 466 U.S. at 697; *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013).

To establish prejudice, a petitioner must show that, but for counsel's deficient performance, the outcome of the proceeding would have been different.   *Strickland*, 466 U.S. at 694.   "The likelihood of a different result must be substantial, not just conceivable."   *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (quoting *Strickland*).   In the case of alleged sentencing errors, a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level.   *Glover v. United States*, 531 U.S. 198, 203–04 (2001).   A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."   *Id.* at 203.

To establish ineffective assistance, a petitioner must provide factual support for his contentions regarding counsel's performance.   *Smith v.*

*White*, 815 F.2d 1401, 1406–07 (11th Cir. 1987).   Bare, conclusory

allegations of ineffective assistance are insufficient to satisfy the *Strickland*

test.   *See Boyd v. Comm'r, Ala. Dep't of Corr.*, 697 F.3d 1320, 1333–34

(11th Cir. 2012); *Garcia v. United States*, 456 F. App'x 804, 807 (11th Cir.

2012).   Furthermore, counsel is not constitutionally deficient for failing to

preserve or argue a meritless claim.   *Denson v. United States*, 804 F.3d

1339, 1342 (11th Cir. 2015) (citing *Freeman v. Attorney General, Florida*,

536 F.3d 1225, 1233 (11th Cir. 2008)).

Finally, the Eleventh Circuit has recognized that given the principles

and presumptions set forth above, "the cases in which habeas petitioners

can properly prevail . . . are few and far between."   *Chandler*, 218 F.3d at

1313.   This is because the test is not what the best lawyers would have

done or even what most good lawyers would have done, but rather whether

some reasonable lawyer could have acted in the circumstances as defense

counsel acted.   *Dingle*, 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d

1177, 1180 (11th Cir. 2000).   "Even if counsel's decision appears to have

been unwise in retrospect, the decision will be held to have been ineffective

assistance only if it was 'so patently unreasonable that no competent

attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).   A moving defendant has a high hurdle to overcome to establish a violation of his constitutional rights based on his attorney's performance.

An evidentiary hearing is unnecessary when "the motion and files and records conclusively show that the prisoner is entitled to no relief."   *See* 28 U.S.C. § 2255(b); *Rosin*, 786 F.3d at 877; *Gordon v. United States*, 518 F.3d 1291, 1301 (11th Cir. 2008).   Not every claim of ineffective assistance of counsel warrants an evidentiary hearing.   *Gordon*, 518 F.3d at 1301 (citing *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984)). To be entitled to a hearing, a defendant must allege facts that, if true, would prove he is entitled to relief.   *See Hernandez v. United States*, 778 F.3d 1230, 1234 (11th Cir. 2015).   A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record.   *See Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014) (explaining that "a district court need not hold a hearing if the allegations [in a § 2255 motion] are . . . based upon unsupported generalizations") (internal quotation marks omitted); *Peoples*

*v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004).   Even affidavits that amount to nothing more than conclusory allegations do not warrant a hearing.   *Lynn*, 365 F.3d at 1239.   Finally, disputes involving purely legal issues can be resolved by the court without a hearing.

## PETITIONER'S CLAIMS

### *Ground One—Improper Designation as Career Offender*

Brown first contends that the district court committed plain error by imposing a career offender sentence, and that he had no qualifying predicates to warrant the enhanced sentence under § 4B1.1 or 21 U.S.C. § 851.   This claim---which could have been raised on appeal---is procedurally barred.   *Lynn*, 365 F.3d at 1234–35.   Although the procedural bar alone suffices to defeat the claim, Petitioner's claim is also without merit.

The record reflects that Brown had multiple prior felony drug convictions including a 2001 conviction for Sale of Cocaine, and a 2002 conviction for possession of cocaine with intent to sell.   (ECF No. 19, PSR ¶¶ 25, 50, 52.)[1]   Petitioner admitted his prior convictions to the district

---

[1] Despite being a repeat offender, Brown continually received lenient sentences.   The latter conviction was the only felony drug conviction for which he received a sentence in

Case Nos.: 4:13cr28/RH/GRJ; 4:15cv470/RH/GRJ

court, and he does not now contend that he did not commit the crimes in question.

Under U.S.S.G. § 4B1.2, a defendant qualifies as a career offender if he has at least two prior felony convictions for either violent felonies or controlled substance offenses.   Controlled substance offenses are offenses under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibit the manufacture, import, export, distribution, or dispensing of a controlled substance, or the possession of a controlled substance with intent to manufacture, import, export, distribute or dispense.   U.S.S.G. § 4B1.2(b).   The commentary to this guideline notes that the designation of a conviction as a prior felony conviction does not depend upon the sentence actually imposed.

The two drug convictions enumerated in paragraph 25 of the PSR fall under § 893.13(1)(a)(1) Florida Statutes.   This statute provides that "a person may not sell, manufacture, or deliver, or possess with intent to sell, manufacture or deliver, a controlled substance."   A conviction under § 893.13(1)(a)(1) involving cocaine is a second degree felony, punishable by

---

excess of one year.

up to fifteen years imprisonment.   As the Eleventh Circuit has held, such a conviction falls within the guidelines definition of "controlled substance offense."   *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014).

To the extent Brown argues that his conviction for fleeing or attempting to elude an officer no longer qualifies as a "crime of violence" for purposes of the career offender provision of the guidelines, he is mistaken. The PSR specifically notes that this conviction involved a violation of § 316.1935(3), and was a second degree felony.   (ECF No. 19, PSR ¶ 25 n.5.)   The Eleventh Circuit has expressly held that a conviction of fleeing and eluding in violation of § 316.1935(3) Florida Statutes is a "crime of violence" under the residual clause of § 4B1.2(a)(2) of the guidelines.   *See United States v. Harris*, 586 F.3d 1283, 1287-89 (11th Cir. 2009).

Brown's reliance on *Johnson v. United States*, 135 S. Ct. 2551 (2015)---in which the Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1)---has no application to the Court's determination that Brown qualified as a career offender under the Guidelines.   In 2017 the Supreme Court declined to extend *Johnson* to the advisory Sentencing Guidelines.   *Beckles v. United States*, 137 S. Ct.

886 (2017).   Therefore, the Chapter Four enhancement was proper, and Petitioner is not entitled to relief.

Brown also challenges the propriety of the § 851 enhancement. Application of this enhancement requires only that the defendant have a final conviction for a felony drug offense.   The record clearly establishes that Brown has multiple such convictions.   His claim should be denied.

### ***Ground Two—Unconstitutional Guilty Plea***

Brown next claims that his guilty plea was unknowing, unintelligent and involuntary.   He admits that he was advised of the maximum penalty, but complains that he was "not told that the sentencing court would start the individual sentence not from the drug offense guidelines, but from an advisory range twice as high."   (ECF No. 59 at 15.)   Brown challenged the voluntary, intelligent and knowing nature of his guilty plea on appeal. (ECF No. 48.)   The claim he now raises is not identical to the claim raised on appeal, but it could have been raised before the Eleventh Circuit.   As a result of his failure to raise this argument on appeal the claim is procedurally barred.   *Lynn*, 365 F.3d at 1234–35.

Notwithstanding that the claim is procedurally defaulted, Brown's argument that he was not fully informed about the sentence he faced is disingenuous and contrary to what the district judge told Petitioner during the change of plea.   Although his counsel did not explain the sentencing guidelines to his client before the change of plea, the district judge expressly advised Brown that his sentence would be somewhere around twenty years, and that dissatisfaction with the sentence he received would not be a valid ground for withdrawing his guilty plea.   (ECF No. 38 at 9-10, 11, 14.)

Brown also claims that if he had known how the sentence would have been calculated, he would have chosen to go to trial, because he believes he received no "benefit" for pleading guilty.   In making this argument, he fails to recognize the three-level downward adjustment he received for acceptance of responsibility.   In view of the strength of the Government's case, and Brown's obvious interest in cooperation, his assertion that he would have proceeded to trial is not persuasive.   No relief is warranted on this claim.

### *Ground Three—Impropriety of Plea Waiver*

Brown's final claim for relief relates to a "waiver" associated with his guilty plea.   He claims that the existence of the plea-agreement waiver and the implicit waiver contained in the guilty plea generated an actual conflict of interest that constructively denied him the assistance of counsel.

Brown asserts that the waiver associated with the guilty plea effectively insulates counsel from his mistakes, even when those mistakes affect the sentencing process.   This assertion is a misstatement of the law. "A guilty plea, since it admits all the elements of a formal criminal charge, waives all non-jurisdictional defects in the proceedings against a defendant."   *United States v. Brown*, 752 F.3d 1344, 1347 (11th Cir. 2014) (quoting *United States v. Fairchild*, 803 F.2d 1121, 1124 (11th Cir. 1986). A defendant who pleads guilty does not waive errors related to counsel's performance at or with respect to sentencing.   Brown only waived certain constitutional rights associated with a trial by jury, as explained by the district judge during the change of plea.   (ECF No. 38 at 4-6.)   Brown, therefore, is not entitled to relief on this claim.

## CONCLUSION

For the foregoing reasons, the Court concludes that Brown has not shown that any of the claims raised in his motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 have merit.   Nor has he shown that an evidentiary hearing is warranted.   Therefore, Brown's motion should be denied in its entirety.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."   A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.   Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right.   § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation

omitted).   Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."   If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED** that:

1.     The "Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a person in Federal Custody" (ECF No. 59) should be **DENIED**.

2.     A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 7th day of February, 2018.


*/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy**

Case Nos.: 4:13cr28/RH/GRJ; 4:15cv470/RH/GRJ

thereof.   <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>   A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.